502 P.2d 120

**Chester REESE, Plaintiff and Respondent,**

**v.**

**Garth VAN TASSELL, Defendant and Appellant.**

**No. 12741.**

Supreme Court of Utah.

Oct. 17, 1972.

Grant S. Kesler, of Morgan, Scalley, Lunt & Kesler, Salt Lake City, for defendant and appellant.

Robert M. McDonald, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a summary judgment on account of loans made. Affirmed with costs to plaintiff.

Defendant says by affidavit in opposition to one by plaintiff to the effect that it was understood the loans would be payable on demand, that they were payable "by me as my ability to do so dictated." He then says that 1) the limitations statute bars plaintiff's claim (apparently relying on dates of the loans instead of due dates), and 2) he has had no ability to pay, which says the due dates have not yet arrived. Both contentions awryly kill the limitations statute defense, since there is nothing to indicate other than that under 1) the loans were payable on demand, as plaintiff contends, since no times are alleged as to when the statute would commence to run, and that under 2) the contention that there is no due date until the "ability to pay" comes along, requires either a) a reasonable time for a due date to be set, or b) that a due date never may occur or "vest" by analogy to the rule against perpetuities.

Further, Van Tassell's contention that no demand was made on him for payment is refuted by his own affidavit that admits that "the first I knew of his desire to have me repay [was] upon receipt of a letter from Robert McDonald," the plaintiff's attorney. Furthermore, defendant's inability-to-pay contention somewhat inconsists with the fact that before filing his affidavit,

**328**

Reese, by garnishment, tied up an amount in excess of $10,000 owed to defendant by a credit union. The defendant moved the court that $10,000 of the amount be paid to the clerk of the court pending appeal, and that the remainder be released to him, which was done. In addition, Van Tassell signed a promissory note for $7,667, payable $125 per month at 8 per cent, after the limitations period had expired, and delivered it with one payment to plaintiff, acknowledging the debt to that extent and presumably tolling the statute,—all stated in his affidavit. Under such circumstances we feel constrained to and do affirm.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ., concur.